Filed 7/20/16  P. v. Baker CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C080720 |
| Plaintiff and Respondent, | (Super. Ct. No. 14F6975) |
| v. | |
| MICHAEL ANDREW BAKER, | |
| Defendant and Appellant. | |

A jury found defendant Michael Andrew Baker guilty of multiple counts of torture, child abuse, and child endangerment.  On appeal, defendant contends four of his convictions for child abuse and child endangerment under Penal Code section 273a[1] arose from a single course of conduct, which may give rise to only one conviction.  He also contends the abstract of judgment must be corrected to reflect that the execution of

---

[1] Further undesignated statutory references are to the Penal Code.

1

sentence for certain counts and enhancements was stayed. We agree with defendant's second contention. We will direct the trial court to correct the abstract of judgment and otherwise affirm.

## BACKGROUND

Over the course of seven months, defendant physically abused two children: his girlfriend's son (C.W.) and a neighbor's two-year-old son. On appeal, only the convictions related to C.W. are challenged.

When C.W. was seven months old, defendant caused a spiral fracture in his tibia. Defendant had argued with his girlfriend. After the argument, defendant was changing C.W.'s diaper. When C.W. did not stretch out his legs, defendant pulled C.W.'s leg and twisted it to the side.

When C.W. was nine months old, defendant inflicted a buckle fracture in C.W.'s ankle. Defendant was arguing with his girlfriend. He "stomped" out of the room and onto C.W.'s ankle. The girlfriend heard C.W. cry.

When C.W. was a year old, defendant, again frustrated over an argument with his girlfriend, grabbed C.W. and squeezed him. The squeeze left bruises and finger imprints on C.W.'s torso.

About a week later, after another argument, defendant bit C.W.'s arm. The bite left a clear mark.

Six counts arose from those four acts of abuse. Counts 1 and 2 charged defendant with torture, and are not challenged here. The remaining four counts (at issue here) were charged under section 273a: counts 3 (spiral fracture) and 4 (buckle fracture) charged felony child abuse under subdivision (a); counts 5 (squeezing); and 6 (biting) charged

misdemeanor child endangerment under subdivision (b). For every count, the jury was given a unanimity instruction and a specific date or date range for the offending conduct.[2]

The jury found defendant guilty on all counts and found he had inflicted great bodily injury as to counts 3 and 4. The trial court imposed two consecutive life terms for counts 1 and 2; six years on count 3; 16 months on count 4; and three consecutive 133-day terms for counts 5, 6, and 7 (abuse of the neighbor's child), to be run consecutive to the indeterminate terms. The court also imposed enhancements of six years and two years for great bodily injury on counts 3 and 4.

Pursuant to section 654, the court then stayed execution of sentence on counts 3 and 4, including the enhancements for great bodily injury.

## DISCUSSION

### I

### *Single Course of Conduct*

On appeal, defendant contends his convictions on counts 4, 5, and 6 must be reversed. He argues counts 3, 4, 5, and 6 arose from a single course of conduct, which may give rise to only a single conviction for child abuse under section 273a. We disagree.

Section 273a proscribes, inter alia, willfully inflicting unjustifiable pain or suffering on a child. (§ 273a, subds. (a)-(b).) The statute may be violated by either a single act or a course of conduct.[3] (*People v. Avina* (1993) 14 Cal.App.4th 1303, 1310.)

---

[2] Count 3: between March 19 and 24, 2014, defendant inflicted the spiral facture; count 4: on May 21, 2014, defendant inflicted the buckle fracture; count 5: between October 12 and 24, 2014 defendant squeezed C.W.; count 6: between October 19 and 24, 2014, defendant bit C.W.

[3] "The primary significance of defining a crime as a continuous course of conduct is that the jury need not agree unanimously that the defendant committed any particular act or acts; it need only agree unanimously that he or she engaged in the prohibited conduct." (*People v. Culuko* (2008) 78 Cal.App.4th 307, 325.) "The continuous-course-of-conduct

3

Section 273a stands in contrast to statutes that apply *only* to a course of conduct; such statutes may *not* give rise to multiple convictions for a single course of conduct directed at a single victim. (See, e.g., § 288.5, subd. (c) ["A defendant may be charged with only one count [of continuous sexual abuse of a child] . . . unless more than one victim is involved . . ."]; *People v. Lewis* (1978) 77 Cal.App.3d 455, 460-461, 462 [pimping under section 266h, "is an ongoing continuing offense that occurs over a period of time" and may not be divided into separate counts where there is one continuous criminal act].)

Here, defendant committed four separate acts, each constituting a completed section 273a violation. He may, therefore, be convicted for each act of child abuse.

Defendant's argument that his conduct was ongoing, continuous, and inseparable is not supported by the record. Defendant caused four discrete injuries, by four different actions, on four separate days, weeks or months apart. He twisted and broke C.W.'s leg; *two months later* he stomped on C.W.'s leg and broke it again. *Five months* after that, he squeezed and bruised C.W.; about a week later he bit him. The only commonalities are the acts were directed at the same victim and fell under the broad category of child abuse. The acts may properly give rise to four convictions.

A similar conclusion was reached regarding corporal injury--section 273.5--which is another statute that may be violated by a single act *or* a course of conduct. (See *People v. Johnson* (2007) 150 Cal.App.4th 1467, 1471.) In *Johnson*, the defendant was convicted of three counts of corporal injury arising from a single attack. (*Id*. at p. 1473.) In upholding the three separate convictions, the court concluded the crime of spousal abuse is complete upon the willful application of physical force causing injury. (*Id*. at

crime does not require jury unanimity on a specific act, because it is not the specific act that is criminalized. The *actus reus* of such a crime is a *series* of acts occurring over a substantial period of time, generally on the same victim and generally resulting in cumulative injury." (*People v. Jones* (1990) 51 Cal.3d 294, 329 (dis. opn. of Mosk, J.).)

4

p. 1477.) When multiple applications of force cause separate injuries, separate violations arise. (*Ibid*.) A jury could, therefore, reasonably conclude defendant committed three separate violations on a single day: one, by beating the victim about the head and face; another by holding her throat, while continuing to strike her; and another by stabbing her upper arm. (*Ibid*.)

The same reasoning applies here. The People obtained convictions for four counts of child abuse based on four separate, completed acts of abuse. We find no error.

II

*Correcting the Abstract of Judgment*

Defendant next contends an error in the abstract of judgment must be corrected. The Attorney General does not respond. We agree that correction is needed. At sentencing, the court stayed execution of sentence on counts 3 and 4, along with the accompanying enhancements for great bodily injury. Yet on the abstract of judgment, the box for "654 stay" is not checked for counts 3 and 4, nor does the box indicating "time imposed or 'S' for stayed" for the enhancements indicate a stayed execution of sentence. We will order a corrected abstract to correct the oversight.

**DISPOSITION**

The judgment is affirmed. The trial court is directed to prepare a corrected abstract of judgment indicating stay of execution of sentence on counts 3 and 4 and the accompanying enhancements, and to forward a certified copy of the corrected abstract to the Department of Corrections and Rehabilitation.

            /s/
            Duarte, J.


We concur:


        /s/
Butz, Acting P. J.



        /s/
Murray, J.

6